UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUBA DACE, | ) |
| Plaintiff, | ) Case No.: 2:24-cv-00525-GMN-EJY |
| vs. | ) |
| CITIBANK, N.A., | ) **ORDER GRANTING MOTION TO DISMISS** |
| Defendant. | ) |

Pending before the Court is the Motion to Dismiss for Insufficiency of Service of Process or Quash Service of Process ("Mot. Dismiss"), (ECF No. 7), filed by Defendant Citibank, N.A. Plaintiff Luba Dace did not file a Response, and the deadline to do so has passed.

For the reasons discussed below, the Court **GRANTS** Citibank's Motion to Dismiss because Plaintiff failed to timely serve Citibank under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4 and Nevada Rules of Civil Procedure ("NRCP") 4.

I. **BACKGROUND**

This case arises from Citibank's alleged violation of the Fair Credit Reporting Act. (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1-1). After filing this lawsuit in state court, Plaintiff made two attempts at completing service of process on Citibank. First, Plaintiff delivered a copy of the Complaint and summons to a local Citibank branch representative. (Pl.'s Service Attempts at 3, Ex. 1 to Mot. Dismiss, ECF No. 7-1). Second, Plaintiff mailed Citibank a copy of the summons and complaint. (*Id.* at 56). Citibank later removed this action based on federal question jurisdiction, (Pet. Removal, ECF No. 1), and filed the instant Motion to Dismiss, (ECF No. 7).

Page 1 of 5

## II. LEGAL STANDARD

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Fed. R. Civ. P.] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Because Plaintiff originally filed her Complaint in state court, Citibank's Motion must be decided under Nevada law and thus the Court looks to the NRCP. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled on other grounds by Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008). NRCP 4(d)(2) requires service of process be made upon a foreign corporation or non-resident entity's agent or representative in-state or, if no such agent or representative is available in-state, then upon the secretary of state or deputy secretary of state. Further, NRCP 4(e)(2) permits personal service out-of-state.

When applying the NRCP, the Court may look to the corresponding Fed. R. Civ. P. for guidance. *Am. Home Assurance Co. v. The Eighth Judicial Dist.*, 147 P.3d 1120, 1238 n.28 (Nev.2006); *Lawler v. Ginochio*, 584 P.2d 667, 668 (Nev. 1978). In federal court, Fed. R. Civ. P. 4 governs the service of process. When a party brings a motion to dismiss for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5),[1] the court may choose to dismiss the action or quash service. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2008). Courts have broad discretion to dismiss the action or quash service. *Id*. However, the Court should be mindful that if the defendant likely can be served, quashing

---

[1] Under the Nevada Rules of Civil Procedure, motions to dismiss for insufficiency of process are authorized under Rule 12(b)(4).

service avoids duplicative action on the part of the plaintiff. *Id.* Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently retain the action and permit the plaintiff an opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373 (1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals.").

## III.    DISCUSSION

At the outset, the Court notes that Plaintiff failed to respond to the Motion to Dismiss. "On its own, Plaintiff's failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted." *Gonzalez v. Bank of America, N.A.*, No. 2:13-cv-00460, 2013 WL 3877708, at *2 (D. Nev. July 24, 2013) (citing Local Rule 7-2(d)). Notwithstanding Plaintiff's failure to oppose the Motion, the Court addresses the merits of Defendant's request to dismiss Plaintiff's case. Defendant argues that Plaintiff failed to effectuate service. (*See generally* Mot. Dismiss). Specifically, Defendant advances that delivery of a complaint and summons to a corporate branch representative and by mail are not permitted ways to effectuate service under the Fed. R. Civ. P. and NRCP. (*Id.* 2:24–4:14). The Court agrees.

First, Plaintiff cannot complete service by delivering a copy of the Complaint and summons to a Citibank branch representative. *See Nascimento v. Wells Fargo Bank, N.A.*, No. 2:11-cv-1049, 2011 WL 3652595, at *2 (D. Nev. Oct. 4, 2016) (noting that delivery of a complaint to a "service manager" at a local branch of a national banking institution fails to accomplish proper service). Citibank is a corporate entity, meaning proper service must be in accordance with Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h), a corporation may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the maimer prescribed by the state law in which the district court is located. Under Nevada

law, if the suit is against an entity formed under Nevada law or registered to do business in the state, service may be accomplished by serving "the registered agent thereof or if the entity . . . is (i) a corporation, to any officer thereof[.]" NRCP 4(d)(1).  If service cannot be effectuated on the registered agent or an officer of the corporate entity, Nevada law provides an alternate means to accomplish service by delivering a copy of the summons and complaint to the Nevada Secretary of State and providing the appropriate affidavit as set forth in NRCP 4(d)(1).  Here, Plaintiff did not personally serve Citibank's corporate agent or any other specified corporate representative, so service was not effectuated under this attempt.

Second, Plaintiff did not effectuate service by mailing the Complaint and summons. "Service by mail is not permitted under Nevada or federal law." *Crain v. Mercedez Benz of USA*, No. 2:22-cv-00806, 2022 WL 1922075, at *1 (D. Nev. Nov. 10, 2022) (citing cases). Because Citibank has not been properly served, the Court does not have jurisdiction over it.

Having concluded that service was insufficient, the Court must decide whether to dismiss Citibank or quash service and grant Plaintiff an opportunity to serve them. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).  Citibank requests that the Court quash service or, in the alternative, dismiss the case. (Mot. Dismiss 3:14).  "Given Plaintiff's pro se status, dismissal is too harsh a remedy at this stage." *Fuentes v. National Tr. Co. Deutsche Bank*, No. 22-cv-04953, 2023 WL 2278701, at *4 (N.D. Cal. Feb. 27, 2023).  The Court finds it appropriate to quash service and to grant Plaintiff thirty days to serve Citibank. Accordingly, Citibank's Motion to Dismiss is GRANTED and Plaintiff is hereby given thirty days to obtain proper process and complete service on Citibank.

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Citibank's Motion to Dismiss, (ECF No. 7), is **GRANTED**. Plaintiff is granted thirty (30) days, until June 5, 2024, to effect service of process on Citibank. Failure to return the summons showing proof of service will result in automatic dismissal pursuant to Rule 4(m) without further notice.

**DATED** this __6__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT